(Hamilton County Common Pleas, )
December, 1893.

## IN RE ESTATE OF CARLOS H. GOULD.

*Liability of a donee of land for payment of existing mortgage.*

Where one person conveys real estate, encumbered with a mortgage to another, in consideration of one dollar, love and natural affection, and other good and valuable considerations, and, in the deed, the grantor covenants a good title, except as to such mortgage, the fact that such deed is accepted by the grantee and that such mortgage is excepted from the covenant as to title, will not be regarded as an assumption of such mortgage indebtedness by said grantee.

SAYLER, J.

On March 30, 1888, Carlos H. Gould borrowed $10,000 from one Alexander, and executed his note for that amount, payable in four years; he also executed eight notes, payable each six months, for $150 being, for interest to mature. To secure the payment of these notes, he executed a mortgage on certain property belonging to him.

By a deed dated August 28, 1890, in consideration of one dollar, love and affection, and other good and valuable considerations, he conveyed such property to his wife, Josephine B Gould, and in the deed he covenanted a good title, "except as to mortgage given by the grantor herein to W. James Alexander for $10,000, dated March 30, 1888.''

Mr. Gould continued to pay the interest notes as they matured to the time of his death.

Mr. Gould died in June, 1891, leaving a will, and his son, Carlos L. Gould, and widow, Josephine B. Gould, were appointed executors.

In the settlement of the estate, the executors paid the amount of said debt out of the assets of the estate, and so reported to the court.

Exceptions to the account as to the payment of said debt were filed by Mrs. Williams, one of the residuary legatees under the will.

The probate court overruled the exceptions and approved and confirmed the account, and Mrs. Williams appealed to this court.

It is claimed that by taking title to the property under the said deed, Mrs. Gould became liable to pay the amount of said Alexander debt, and that it should not be paid out of the assets of the estate.

When a grantee takes title to property subject to an incumbrance. and if by reason of the transaction he becomes liable to indemnify the grantor against the incumbrance, then such grantee becomes liable to pay the amount of the incumbrance; 4 Ohio St., 350.

The grantee will become liable to indemnify the grantor if he agrees to take it sub-

ject to the incumbrance, and the amount of the incumbrance is deducted form the purchase money, whether he expressly promise to do so or not, a promise to that effect being implied, as in 4 Ohio St., 333; sustained, as I think, in 14 Ohio St., 210. He will also become liable to indemnify the grantor in the event he agrees to pay the incumbrance, as in 47 Ohio St., 423.

In the case at bar, the conveyance, (aside from the questions of the stocks claimed to have been owned by the wife and sold, and the proceeds used in the property,) was a gift. No liability on the part of the grantee to indemnify the grantor against the incumbrance arose out of the conveyance; there was no deduction from the consideration, no promise on the part of the wife to pay the incumbrance, and nothing that would take the place of those requisites. The mere fact that the mortgage was excepted from the covenant as to title, would not, in my opinion, be sufficient to impose such liability on the grantee.

The debt was that of Mr. Gould; he so recognized it, as he continued to pay the interest notes. In 4 Ohio St., 350, the court note that the grantee treated the debt as his, because he paid the interest.

I think the question in 23 Ohio St., 473. turns on whether the promise of a husband to pay an incumbrance on property conveyed to him by a third party can be considered an executed gift, till the payment is made.

That is not this case.

The debt being that of Carlos H. Gould, and there being no assumption of it by the wife, it should be paid out of his estate.

The exceptions should be overruled, and the account confirmed.

Keam & Keam, for Appellant.
Boyce & Boyd, for Executor.